| | | |
|---|---|---|
| **LINDA TERRIZZI,** | : | **US DISTRICT COURT** |
| | : | |
| **Plaintiff,** | : | **DISTRICT OF MASSACHUSETTS** |
| | : | |
| **vs.** | : | **NO.:** |
| | : | |
| **ALOFT HOTEL MANAGEMENT, INC., et al** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**SEE ATTACHED LIST FOR ALL DEFENDANTS**

**LINDA TERRIZZI**

**PARTIES TO THE LITIGATION**

**I.   PLAINTIFF**

    1.   Linda Terrizzi
       2131 ne 15TH Terrace
       Wilton Manors, Fort Lauderdale, Florida  33305

**II.   DEFENDANTS**

    1.   Aloft Hotel Management, Inc.
       401 D Street, Unit 1A
       Boston, Massachusetts  02210

    2.   Aloft Lounge, LLC
       401 D Street, Unit 1A
       Boston, Massachusetts  02210

    3.   Aloft, Inc.
       401 D Street, Unit 1A
       Boston, Massachusetts  02210

    4.   Aloft Group, Inc.
       401 D Street, Unit 1A
       Boston, Massachusetts  02210

    5.   ARES Management, LLC
       63 Kendrick Street, Suite 101
       Needham, Massachusetts  02494

    6.   Marriott International, Inc.
       401 D Street, Unit 1A
       Boston, Massachusetts  02210

       c/o The Corporation Trust Company Registered Agent
       Corporation Trust Center
       1209 Orange Street
       Wilmington, Delaware  19801

7.  Marriott Hotel Services, Inc.
    401 D Street, Unit 1A
    Boston, Massachusetts  02210

    c/o The Corporation Trust Company Registered Agent
    Corporation Trust Center
    1209 Orange Street
    Wilmington, Delaware  19801

8.  John Doe, Inc. , #1
    401 D Street, Unit 1A
    Boston, Massachusetts  02210

9.  John Doe, Inc. #2
    401 D Street, Unit 1A
    Boston, Massachusetts  02210

10. John Doe, Inc. #3
    401 D Street, Unit 1A
    Boston, Massachusetts  02210

## COMPLAINT FOR A CIVIL CASE

### I.  THE PARTIES TO THE COMPLAINT

#### A.  THE PLAINTIFF

1.  The Plaintiff **LINDA TERRIZZI** is an adult individual and citizen of the State of Florida residing at Wilton Manors, located at 2131 NE 15th Terrace, Fort Lauderdale, Florida 33305.

#### B.  THE DEFENDANTS

### THE "ALOFT" DEFENDANTS

2.  **Defendant No. 1**

Defendant **ALOFT HOTEL MANAGEMENT, INC.**, (hereinafter referred to as **"Management"**) is a corporation, partnership and/or other business entity, that regularly, routinely and consistently conducts business within the Commonwealth of Massachusetts with a principal place of business commonly known to the general public and identified as the **"Aloft Boston Seaport Hotel"** located at 401- 403 D Street, Unit 1A in Boston, Massachusetts.

3.  Upon information and belief, the aforesaid enumerated **Defendant No. 1** (The **"Management"**) on or about October 3, 2018 and for a substantial period of time prior thereto and subsequent thereto, owned, operated, controlled, managed, supervised, maintained, inspected and/or possessed a hotel business operating under the fictitious name of the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A, Boston Massachusetts.

4.  **Defendant No. 2**

Defendant **ALOFT LOUNGE, LLC**, (hereinafter referred to as the **"Lounge"**) is a limited liability corporation, corporation, partnership and/or other business entity that regularly, routinely and consistently conducts business within the Commonwealth of Massachusetts with a principal place of business commonly known to the general public and identified as the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A in Boston, Massachusetts.

5.  Upon information and belief, the aforesaid enumerated **Defendant No. 2** (The **"Lounge"**) on or about October 3, 2018 and for a substantial period of time prior thereto and subsequent thereto, owned, operated, controlled, managed, supervised, maintained, inspected and/or possessed a hotel business operating under the fictitious name of the **"Aloft Boston Seaport Hotel"** located at 401-403D. Street, Unit 1A, Boston Massachusetts.

1

6. **Defendant No. 3**

Defendant, **ALOFT, INC.,** (hereinafter referred to as **"ALOFT")** is a corporation, partnership and/or other business entity, that regularly, routinely and consistently conducts business within the Commonwealth of Massachusetts with a principal place of business commonly known to the general public and identified as the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A in Boston, Massachusetts.

7. Upon information and belief, the aforesaid enumerated **Defendant No. 3** (**"ALOFT"**) on or about October 3, 2018 and for a substantial period of time prior thereto and subsequent thereto, owned, operated, controlled, managed, supervised, maintained, inspected and/or possessed a hotel business operating under the fictitious name of the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A, Boston Massachusetts.

8. **Defendant No. 4**

Defendant **ALOFT GROUP, INC.** (hereinafter referred to as the **"GROUP"**) is a corporation, partnership and/or other business entity, that regularly, routinely and consistently conducts business within the Commonwealth of Massachusetts with a principal place of business commonly known to the general public and identified as the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A in Boston, Massachusetts.

9. Upon information and belief, the aforesaid enumerated **Defendant No. 4** (The **"Group"**) on or about October 3, 2018 and for a substantial period of time prior thereto and subsequent thereto, owned, operated, controlled, managed, supervised, maintained, inspected and/or possessed a hotel business operating under the fictitious name of the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A, Boston Massachusetts.

10. **Defendant No. 5**

Defendant **ARES MANAGEMENT, INC.** (hereinafter referred to as **"ARES"),** is a corporation, partnership and/or other business entity, that regularly, routinely and consistently conducts business within the Commonwealth of Massachusetts with a principal office  located at 63 Kendrick Street, Suite 101, Needham, Massachusetts  02494 and at a hotel commonly known to the general public and identified as the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A in Boston, Massachusetts.

2

11. Upon information and belief, the aforesaid enumerated **Defendant No. 5** (The **("ARES")** on or about October 3, 2018 and for a substantial period of time prior thereto and subsequent thereto, owned, operated, controlled, managed, supervised, maintained, inspected and/or possessed a hotel business operating under the fictitious name of the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A, Boston, Massachusetts.

## THE "MARRIOTT" DEFENDANTS

12. **Defendant No. 6**

Defendant **MARRIOTT INTERNATIONAL, LLC,** (hereinafter referred to as the **"MARRIOTT"**) is a corporation, partnership and/or other business entity, that regularly, routinely and consistently conducts business within the Commonwealth of Massachusetts with a principal place of business commonly known to the general public and identified as the **Aloft Boston Seaport Hotel** located at 401-403 D Street, Unit 1A in Boston, Massachusetts.

13. Upon information and belief, the aforesaid enumerated **Defendant No. 6** (**"Marriott"**) on or about October 3, 2018 and for a substantial period of time prior thereto and subsequent thereto, owned, operated, controlled, managed, supervised, maintained, inspected and/or possessed a hotel business operating under the fictitious name of the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A, Boston Massachusetts. Plaintiff avers that the **Aloft Boston Seaport Hotel** is commonly known and identified to the general public as a **Marriott International Inc. hotel, as owner of the aforesaid hotel.**

14. **Defendant No. 7**

Defendant **MARRIOTT HOTEL SERVICES, INC.** (hereinafter referred to as **"Hotel Services"**) is a corporation, partnership and/or other business entity, that regularly, routinely and consistently conducts business within the Commonwealth of Massachusetts with a principal place of business commonly known to the general public and identified as the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A in Boston, Massachusetts.

15. Upon information and belief, the aforesaid enumerated **Defendant No. 7** (**"Hotel Services"** ) on or about October 3, 2018 and for a substantial period of time prior thereto and subsequent thereto, owned, operated, controlled, managed, supervised, maintained, inspected and/or possessed a hotel business operating under the fictitious name of the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A, Boston Massachusetts.

3

## THE "JOHN DOE INC." DEFENDANTS

16. **Defendant No. 8**

Defendant "**JOHN DOE, INC. #1**"  (hereinafter referred to as **"Doe – 1")**  is a corporation, partnership and/or other business entity that regularly, routinely and consistently conducts business at, inside, and upon the premises known and identified as the **Aloft Boston Seaport Hotel located** at 401-403 D Street, Unit 1A, Boston Massachusetts.

17. **Defendant No. 9**

Defendant "**JOHN DOE, INC. #2**"  (hereinafter referred to as **"Doe – 2")** is a corporation, partnership and/or other business entity that regularly, routinely and consistently conducts business at, inside, and upon the premises known and identified as the **Aloft Boston Seaport Hotel** located at 401-403 D Street, Unit 1A, Boston Massachusetts.

18. **Defendant No. 10**

Defendant "**JOHN DOE, INC. #3** (hereinafter referred to as **"Doe – 3")** is a corporation, partnership and/or other business entity that regularly, routinely and consistently conducts business at, inside, and upon the premises known and identified as the **Aloft Boston Seaport Hotel** located at 401-403 D Street, Unit 1A, Boston Massachusetts.

19.  Upon information and belief, the aforesaid enumerated **Defendant Numbers 8, 9 and 10 ("John Doe, Inc". Numbers 1-3)** on or about October 3, 2018 and for a substantial period of time prior thereto and subsequent thereto, owned, operated, controlled, managed, supervised, maintained, inspected and/or possessed a hotel business operating under the fictitious name of the **"Aloft Boston Seaport Hotel"** located at 401-403 D Street, Unit 1A, Boston Massachusetts.  Plaintiff avers that the **Aloft Boston Seaport Hotel** is commonly known and identified to the general public as a **Marriott International Inc. hotel, as owner of the aforesaid hotel.**

## II.    BASIS FOR JURISDICTION

### 28 U.S. CODE § 1332

4

20. Pursuant to **28 U.S. Code § 1332**, this Honorable District Court shall have original jurisdiction of this civil action since the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different States.

## A. DIVERSITY OF CITIZENSHIP

1.    Plaintiff **LINDA TERRIZZI** is a citizen of the State of Florida.

2.    **Defendants Nos. #1 - #4** – The **"ALOFT"** Defendants and **Defendant #5** – the **ARES Management Inc.** defendant are corporations which are citizens of the Commonwealth of Massachusetts.

3.    **Defendants Nos. 6 - #7** – the **"MARRIOTT"** defendants are corporations which are citizens of the State of Delaware and are duly and legally authorized to conduct business within the Commonwealth of Massachusetts.

4.    **Defendant Nos. #8 - #10** the **"JOHN DOE INC." Defendants #1 - #3** are corporations whose identities are currently unknown to plaintiff and are within the exclusive knowledge, possession, and control of all defendants.  The aforesaid entities are corporations which may be citizens of the State of Delaware, any other State, and/or the Commonwealth of Massachusetts and are duly and legally authorized to conduct business within the Commonwealth of Massachusetts.

## B. AMOUNT IN CONTROVERSY

1.    Plaintiff avers that the amount in controversy in this premises liability civil action personal injury case exceeds the sum or value of $75,000.00 exclusive of interest and costs since she has suffered disabling, serious and permanent orthopedic personal injuries necessitating extensive, protracted medical treatment since October 3, 2018, the date of the accident, until the present time.

2.    **The severity of the plaintiff's injures required operative intervention on her cervical spine in February 2021.  She has received comprehensive post-surgical physical therapy and rehabilitation treatment.  The costs and expenses for the plaintiff's medical treatment are approximately $200,000.00 and will increase since she will continue to incur substantial medical expenses for future treatment.**

## III.    GENERAL AVERMENTS

5

21. On October 3, 2018, and for a substantial period of time prior thereto and at all times material hereto, all of the aforesaid enumerated defendants did individually, jointly and/or severally own, operate, possess, oversee, manage, control, supervise, maintain and inspect a hotel, as well as all bathroom shower facilities contained therein, which was operating under a fictitious name commonly known to the general public and identified as the "**Aloft Boston Seaport Hotel**" located in the South Boston Seaport District at 401-403 D Street, Unit 1A, in Boston, Massachusetts.

22. At all times material hereto, all of the defendants, individually, jointly and/or severally, were acting through their agents, servants, workmen, and employees, all of whom were acting within the course and scope of their respective employment authority.

23. On or about October 3, 2018, and for a substantial period of time prior thereto, the above named defendants, individually, jointly and/or severally, by and through their respective agents, servants, workmen and/or employees, had under their care, supervision,  direction, control, custody and maintenance the aforementioned **Aloft Boston Seaport Hotel** premises, and said defendants were under a non-waiveable duty to maintain and inspect said premises, including the bathroom shower floor, in a safe, non-defective condition for all persons lawfully thereon, including plaintiff.

24. On or about October 3, 2018 and for a substantial period of time prior thereto, and at all times relevant and material hereto, all of the above named "**ALOFT**", "**ARES**", **MARRIOTT**", and "**DOE, INC.**" defendants, by and through its agents, servants, workmen and/or employees, were under a legal duty to design, construct, layout, assemble, inspect, maintain, repair and keep in reasonably safe, sound, and non-defective condition, the bathroom shower floor in the **Aloft Boston Seaport Hotel** so that it remained reasonably safe from foreseeable harm for all business invitees, including Plaintiff Linda Terrizzi, lawfully staying as a hotel guest at the incident premises.

25. At all times material hereto, All Defendants individually, jointly and/or severally, were responsible for the actions/inactions of their agents, servants, workmen and/or employees, and are liable for the acts and omissions of its agents, servants, workmen and/or employees, as described infra, under theories of **respondeat superior, master-servant, agency, and right of control.**

26. At all times material hereto, Plaintiff, Linda Terrizzi, was a business invitee of all Defendants and was lawfully and rightfully upon the premises as a paid guest of the hotel.

27. At all times material hereto, All Defendants, individually, jointly and/or severally, were responsible for maintaining and inspecting in a reasonably safe condition the bathroom

6

shower of the premises including keeping the floor clear of any hazards, debris and slippery substances thereon. On the contrary, the aforesaid defendants neglected their duties and did improperly maintain the aforesaid premises in a slippery and/or in a dangerous and unsafe condition.

28. At all times material hereto, All Defendants were responsible for providing a reasonably safe environment for its business invitees, including the Plaintiff.

29. The aforesaid bathroom shower floor had a liquid soap substance on it that plaintiff never observed prior to the occurrence of the accident.

30. At all times material hereto, All Defendants, individually, jointly and/or severally, by and through their agents, servants, workmen and/or employees, were responsible to assure that the premises, particularly the bathroom shower floor was free of any hazardous and dangerous conditions in order to avoid injury to the invitees of the hotel, particularly the Plaintiff.

## IV.  STATEMENT OF CLAIM

### A. FACTS OF THE ACCIDENT

31. On the afternoon of October 2, 2018, the plaintiff, Linda Terrizzi, arrived in Boston Massachusetts and registered as a guest at the **Aloft Boston Seaport Hotel** where she was invited to attend a business conference on behalf of her employer, HIBU, and deliver a presentation the next day to approximately 100 people attending the conference at the aforesaid hotel.

32. In the early morning hours of October 3, 2018, Ms. Terrizzi awoke and prepared to take a shower prior to her attendance at the conference.

33. As the plaintiff entered the bathroom, the glass enclosed shower was in front of her. The shower was enclosed with sliding glass doors and a metal handle on the inside of the door. There were two square plastic units mounted on the wall under the shower head that were labeled shampoo and soap.

34. Plaintiff opened the left shower door by sliding it to the right side next to the right door.

35. As plaintiff took her first step, placing her right heel down upon the shower floor, suddenly and without any warning she was caused to slip and lose her balance inside the shower stall due to what felt like liquid soap on the floor and/or other slippery condition.

7

36. The loss of balance forcibly propelled her head backward, caused her left arm to strike the back wall and her right elbow to become hooked onto the metal handle inside the shower door, allowing her to regain her balance.

37. Plaintiff subsequently gathered her composure, placed a towel on the shower floor to prevent any further slipping and loss of balance. Plaintiff completed her shower with the towel on the floor.

38. Although Plaintiff felt an immediate onset of pain in her neck, right elbow and in both shoulders, while noticing swelling of her right arm, she dressed and arrived at the conference.

39. When Plaintiff arrived at the meeting, she reported the accident to the conference coordinator describing the accident, showing the coordinator her injured and swollen arm.

40. Plaintiff gave the presentation which lasted about 1 hour to the conference attendees.

41. Upon completion of her presentation, the conference coordinator contacted the front desk management and insisted that plaintiff complete an accident report which was provided to the hotel manager.

42. Although plaintiff attempted to seek medical treatment while in Boston, none of the clinics had any openings and walk-ins were a 5 hour wait.

43. Plaintiff decided to fly home that night and went to a local clinic where x-rays of the left arm were taken and a hard cast/brace was provided to the plaintiff for 2 weeks since there was swelling and a possible hair line fracture.

44. Plaintiff avers that All Defendants, individually, jointly and/or severally, knew or should have known of the existence of the dangerous and hazardous physical condition present on the bathroom floor, in the shower stall entrance, as well as the existence of the aforesaid slippery substance in the shower upon the floor within the premises and had actual and/or constructive notice and knowledge of such hazardous and dangerous conditions. Despite having such notice and knowledge of these dangerous conditions, prior to the accident, all Defendants failed to protect and/or warn Plaintiff of the dangerous conditions existing thereon.

45. This accident resulted solely from the negligence and carelessness of All Defendants, their authorized agents, servants, workmen, employees, and/or independent business contractors and/or subcontractors, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

46. The plaintiff promptly notified the defendants' hotel manager and/or employee who prepared an accident incident report that day. This report is within the exclusive possession, custody and control of defendants who have failed and refused and continue to fail and refuse to provide plaintiff and her counsel with a copy thereof.

## B.  AVERMENTS OF NEGLIGENCE

### COUNT ONE

### PLAINTIFF LINDA TERRIZZI VS. ALL DEFENDANTS INDIVIDUALLY, JOINTLY AND/OR SEVERALLY

### NEGLIGENCE

44. Plaintiff **LINDA TERRIZZI** incorporates by reference the preceding paragraphs

of this Complaint as though the same were fully set forth herein at length.

45. The negligence and carelessness of All Defendants, individually, jointly and/or

severally, by their agents, servants, workmen and/or employees consisted of, but is not limited

to, the following:

a.  Failing to install, implement, provide, utilize and properly maintain hotel bathroom shower flooring of a material surface that was slip-resistant and free of soap substance thereon;

b.  Failing to install implement, provide, utilize and properly maintain hotel bathroom flooring with a non-slip surface which could have prevented plaintiff's accident which resulted from a foreseeable condition and risk of harm;

c.  Failing to regularly, routinely, and properly clean, clear and remove on a consistent and timely basis the existence of any soap substance and/or other slippery conditions  present upon the bathroom shower floor;

d.  Failing to properly timely inspect and maintain the aforesaid hotel bathroom shower floor to reduce any soap accumulation and buildup situated thereon;

e.  Failing to utilize appropriate and proper specific cleaning products recommended by the flooring manufacturer;

9

f.  Failing to exercise reasonable care in the maintenance and use of their shower facilities and failing to provide appropriate and proper bath mats, rugs, shower handrails, safety strips and other slip-resistant materials and cleaning products to prevent the creation of an unreasonable risk of harm and injury due to a foreseeable condition to its business invitees such as the plaintiff;

g.  Failing to install sufficient handrails on the inside of the shower door to prevent the possibility of a slip and fall accident therein due to the dangerous and defective condition existing thereon;

h.  Failing to install, affix, and place bathroom mats, rugs, and/or otherwise maintain the shower floor of the aforesaid premises in a condition which would protect and safeguard persons lawfully on said premises;

i.  Permitting the aforesaid bathroom shower floor to be, become, and remain dangerous and/or defective so as to constitute a menace, danger, nuisance, or to trap persons lawfully upon Defendants' premises who were preparing to use the shower;

j.  Creating a slippery and/or other dangerous condition upon the bathroom shower floor;

k.  Failing to have the aforementioned shower floor of the premises inspected at reasonable time intervals in order to determine the condition of same and whether it was reasonably safe for its intended use by their hotel guests;

l.  Failing to perform adequate inspections at periodic intervals that would have revealed the existence and accumulation of soap and other slippery substances on, upon, and around the floor of the premises and the dangerous conditions existing thereon;

m. Allowing and improperly permitting the aforesaid dangerous and unsafe flooring conditions to exist on the floor of the premises;

n.  Failing to adequately and timely warn Plaintiff and other persons lawfully upon said premises of the dangerous and defective conditions existing thereon;

o.  Failing to place warning signs in an area visible to plaintiff to prevent the creation of an unreasonable risk of harm to its invitees, such as plaintiff;

p.  Creating concealed dangerous and unsafe conditions which were not open, obvious and/or visible to the plaintiff and failing to take reasonable steps to remedy, replace and/or repair the dangerous condition;

10

q. Failing to act promptly, adequately, and appropriately upon actual and/or constructive notice of the defective, unsafe condition to clean, prevent, maintain and remedy such defective and unsafe condition especially with the failure to install mats or rugs to absorb the slippery substance or soap substance conditions existing upon the bathroom shower floor surface;

r. Failing to fully, properly and appropriately train, supervise, or instruct its agents, servants, employees, and/or workmen regarding proper cleaning and maintenance of the floor;

s. Failing to fully complete their required duties, including but not limited to failing to properly respond, failing to carry-forth duties commenced, and failing to inspect work performed;

t. Failing to fully, adequately and properly train and/or supervise employees, servants, and workmen to ensure that the duties assigned to them were completed adequately, sufficiently, competently, and appropriately.

u. Failing to adopt, enact, employ, implement and enforce proper and adequate measures, plans, precautions, procedures and safety programs regarding bathroom shower floor safety;

v. Failing to follow the relevant provisions of any and all applicable buildings and property maintenance codes, ordinances and regulations,, including but not limited to various editions of the "BOCA National Building Code," the International Building Code," the International Property Maintenance Code," and applicable local ordinances, regulations and codes regarding bathroom shower floor safety;

46. **At all times material hereto, Defendants, individually, jointly and/or severally, were responsible for the actions/inactions of their agents, servants, workmen and/or employees, and are individually liable for the acts and omissions of their agents, servants, workmen and/or employees, as described infra, under theories of *respondeat superior*, master-servant, agency, and right of control.**

47. As a direct and/or proximate result of the aforesaid negligence and carelessness, of All Defendants individually, jointly and/or severally, Plaintiff Linda Terrizzi has sustained severe, permanent, serious and disabling painful injuries, including but not limited to the following:

a.  Cervical disc herniation necessitating extensive surgical intervention, with the performance of numerous procedures including an anterior cervical subtotal corpectomy and fusion at C5-C7;

b.  Aggravation of Cervical stenosis;

c.  Aggravation of Spondylolisthesis, cervical region;

d.  Cervical spine instability;

e.  Aggravation of Severe spinal stenosis at C6-C7 and C7 – T1 with myleopathy in the cervical region;

f.  Aggravation of Cervical spondylosis with myelopathy;

g.  Cervical radiculopathy with right interscapular pain, motor and sensory deficits in the levels C4-C5 and C7-C8 distribution;

h.  Right arm atrophy, pain and weakness

i.  Generalized facial pain with headaches;

j.  Acute lumbar spine sprain and strain;

k.  Acute thoracic spine sprain and strain;

l.  Acute bilateral shoulder sprain and strain;

m.  Acute and chronic denervation in ulnar innervated hand muscles;

n.  Ulnar neuropathy affecting instrinsic hand muscles only;

o.  Right arm pain; pain and weakness in the right wrist and atrophy in the right hand;

p.  Right elbow pain;

q.  Permanent surgical scarring of the neck;

r.  Post traumatic stress disorder;

Plaintiff has suffered further injuries to the bones, muscles, nerves, tissues and ligaments of her body, the full extent of which has yet to be determined, sleeplessness, anxiety, distress, depression, and a severe and permanent shock to her nerves and nervous system, as well as various other injuries and conditions that may be established, all of which have caused her and will continue to cause her great pain and agony, and have prevented her and will continue to prevent her in the future from attending to her daily duties and occupation, all to her great financial damage and loss.

48. As a direct and/or proximate result of the aforesaid negligence and carelessness of all defendants, individually, jointly and/or severally, Plaintiff, Linda Terrizzi has been obliged to expend substantial sums of money for medicine and medical attention in and about endeavoring to receive proper medical care for her serious injuries.  Plaintiff will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

49. As a direct and/or proximate result of the aforesaid negligence and carelessness of all defendants, individually, jointly and/or severally, plaintiff Linda Terrizzi has suffered great bodily pain, disability, suffering, mental anguish, humiliation, shock, depression, distress, difficulty sleeping, permanent scarring of the cervical spine and injury to her nerves and nervous system, and may continue to suffer the same in the future, all to her great financial and personal detriment and loss.

50. As a direct and/or proximate result of the aforesaid negligence and carelessness of all defendants individually, jointly and/or severally, plaintiff Linda Terrizzi has been unable to perform and/or enjoy the normal and ordinary activities and pleasures of life, which loss of

enjoyment may continue indefinitely into the future, all to her great financial and personal detriment and loss.

51. As a direct and/or proximate result of the aforesaid negligence and carelessness of all defendants, individually, jointly and/or severally, plaintiff Linda Terrizzi has been unable to attend to, perform, and/or has been impaired in performing her usual duties, activities, and occupations, which may continue indefinitely into the future, all to her great financial and personal detriment and loss.

52. As a direct and/or proximate result of the aforesaid negligence and carelessness of all defendants, individually, jointly and/or severally, plaintiff Linda Terrizzi has suffered a loss of earnings and/or impairment of her earning capacity and power, all to her great financial and personal detriment and loss.

53. As a direct result of the aforesaid accident, plaintiff, Linda Terrizzi has or may hereafter incur medical bills, expenses, losses, loss of earnings and impairment of earning capacity and damages, for which such claims are herein made against all defendants.

**WHEREFORE**, Plaintiff, Linda Terrizzi demands judgment in her favor and against all defendants, individually, jointly and/or severally, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs of suit.

## COUNT II
## NEGLIGENT SUPERVISION

### PLAINTIFF LINDA TERRIZZI VS. ALL DEFENDANTS

### INDIVIDUALLY, JOINTLY AND/OR SEVERALLY

54. Plaintiff, Linda Terrizzi, hereby incorporates by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

55. All Defendants encouraged, tolerated, ratified, and were deliberately indifferent to the following patterns, practices, procedures and customs, and to the need for more, different, and adequate training, supervision, investigation, or discipline in the areas, including but not limited to:

    a. Failure to monitor independent contractors and/or subcontractors and/or employees working within the premises, with regard to the administration of duties assumed and assigned from defendants, including but limited to cleaning, inspecting and maintaining the bathroom shower floor of the premises in a condition which would protect and safeguard persons lawfully on said premises and inspecting the aforesaid floor at reasonable intervals in order to determine the condition of same;

    b. Failing to identify, investigate, and take remedial and/or disciplinary action and/or measures against their agents, employees and independent contractors and sub-contractors who were aware of and/or concealed their failure to adequately perform their duties, thereby causing and encouraging said agents and employees to continue acting in derogation of their duties.

    c. Failure of employees, agents and independent contractors and sub-contractors to follow established policies, procedures, directives, instructions, and safety programs regarding the cleaning, maintenance, inspection, and repair of the aforesaid bathroom shower floor.

56. At all times material hereto, all defendants, individually, jointly and/or severally, were responsible for the actions/inactions of their agents, servants, workmen and/or employees, and are liable for the acts and omissions of their agents, servants, workmen and/or employees, as

15

described infra, under **theories of *respondeat superior*, master-servant, agency, and right of control.**

57. As a direct and/or proximate result of the aforesaid negligence and carelessness of all defendants, individually, jointly and/or severally, plaintiff Linda Terrizzi has been unable to attend to, perform, and/or has been impaired in performing her usual duties, activities, and occupations, which may continue indefinitely into the future, all to her great financial and personal detriment and loss.

**WHEREFORE** Plaintiff Linda Terrizzi demands judgment in her favor and against all defendants, individually, jointly and/or severally, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs of suit.

## V.   **RELIEF**

Plaintiff Linda Terrizzi respectfully requests this Honorable District Court to award compensatory monetary damages for past, present and future pain, suffering and disability resulting from her serious significant and permanent accident related damages together with all medical treatment expenses incurred and other economic losses and damages sustained herein.

VI.     **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**MCTIGHE, WEISS & O'ROURKE, P.C.**

BY: **JOHN R. O'ROURKE, JR., ESQUIRE**
Attorney ID No.: 25961
11 East Airy Street
Norristown, PA 19401
(610-275-8800 / 610-272-5325 (Fax)
jorourke@montcolawyer.com
Attorney for Plaintiff
LINDA TERRIZZI
("Pending Pro Hac Vice Admission")

**LAVNER LAW, P.C.**

BY: **STEPHEN B. LAVNER, ESQUIRE**
Attorney ID No.: 17904
1233 Laura Lane
North Wales, PA 19454
215-699-1095 / 215-699-1439 Fax
sblavner@lavnerlaw.com
Attorney for Plaintiff
LINDA TERRIZZI
("Pending Pro Hac Vice Admission")

**SIMONS LAW OFFICE**

BY: **JOSEPH B. SIMONS, ESQUIRE**
Attorney ID#: 684030
10 Post Office Square #800
Boston, MA 02109
(617) 544-9000
Email: joe@simonslaw.com
Attorney for Plaintiff
LINDA TERRIZZI
("Local Counsel")

DATED: August 30, 2021